of irrelevant matter, disbursement for printing the record is disallowed, but disbursement for printing points is allowed. The ordinances of the village of Larchmont* are valid and a pioper exercise of the police power of the State; they were passed pursuant to a valid grant of power contained in section 30 of the Village Law, as amended by chapter 464 of the Laws of 1921.† (*Lincoln Trust Co. v. Williams Bldg. Corp.*, 229 N. Y. 313.) The fact that the ordinances were passed after the petitioner had filed an application for a permit to build, and after petitioner had commenced a proceeding for mandamus to compel the issuance of a permit, does not affect the validity of the ordinance. Blackmar, P. J., Kelly, Jaycox, Manning and Kelby, JJ., concur. Settle order on notice.

In the Matter of the Petition of JOSEPHINE GROPPE, Appellant, to Render and Settle Her Account as General Guardian of ALEXANDER R. McNEIL and Others, Infants. EDWARD J. FLANAGAN, as Special Guardian of ALEXANDER R. McNEIL and Others, Respondent.— Decree of the Surrogate's Court of Kings county modified by striking therefrom the items surcharged against the guardian, viz.: Four-sevenths of coal bill, $37.72; rent, $1,296; amounts surcharged for support of guardian and her family, $3,120 and $639.70, the two items aggregating $3,759.70. The allowance voluntarily made by the surrogate to the guardian for her services, $2,268, although not prayed for by her, is stricken out, such services being deemed to have been compensated by the use of the property of the infants by the guardian and her husband and children. The guardian should receive the commissions allowed by law.‡ This court finds that the guardian has at all times faithfully performed her duty. Costs of this appeal are awarded to the guardian to be paid out of the estate, also $100 costs on contested accounting proceeding to be paid out of the estate. The allowance of the special guardian is reduced to $500. As so modified the decree is affirmed. Blackmar, P. J., Kelly, Jaycox, Manning and Kelby, JJ., concur. Settle order upon notice.

MAXSON-RICHARDSON CORPORATION, Respondent, v. JOSEPH H. BENZING & Co., INC., Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Blackmar, P. J., Kelly, Jaycox, Manning and Young, JJ., concur.

ARTHUR W. PETITTE, Respondent, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Kelly, Jaycox, Manning and Kelby, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT BLANK, Appellant.— Judgment of conviction by the Court of Special Sessions affirmed. No opinion. Blackmar, P. J., Kelly, Jaycox, Manning and Young, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS H. SALTER, Appellant.— Judgment of conviction by the County Court of Kings county affirmed. No opinion. Blackmar, P. J., Kelly, Jaycox, Manning and Young, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. IGNATZ WOHL, Respondent, v. JOHN P. LEO, Chairman, and Others, Constituting the Board of Appeals of the

* See Zoning Ord. Nov. 28, 1921; Building Code, as amd. Nov. 28, 1921, adding § 3-A.— [REP.

† Village Law, § 89, subd. 30, as added by Laws of 1921, chap. 464.— [REP.

‡ See Code Civ. Proc. § 2753; now Surr. Ct. Act, § 285.— [REP.